OPINION *Page 2 
{¶ 1} Appellant Jeffrey Ossman appeals the decision of the Fairfield County Municipal Court, which granted a civil judgment against appellant in favor of Appellees Randall Heflin and Grange Mutual Casualty Company. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 14, 2002, personal items were stolen from the residence of Appellee Heflin, who was insured via a homeowner's policy issued by Appellee Grange Mutual Casualty Company. As a result of the theft, Grange paid Heflin $4,743.87. Heflin was made responsible for his $250.00 deductible.
 {¶ 3} In the meantime, Appellant Ossman was criminally convicted of receiving stolen property, in violation of R.C. 2913.51. The stolen property in question included items from Heflin's residence.
 {¶ 4} On September 15, 2003, appellees filed a subrogation action in the Fairfield County Municipal Court against appellant for reimbursement. On February 11, 2004, appellant filed a "Response [sic] to Complaint for Damages." Subsequently, on February 18, 2004, appellant filed an "Answer to the Complaint for Damages."
 {¶ 5} Appellees filed a motion for summary judgment on June 1, 2004, and a supplemental motion on June 7, 2004. By journal entry filed July 14, 2004, the trial court granted summary judgment in favor of appellees. Appellant appealed. Upon review, this Court dismissed said appeal, concluding that the judgment entry at issue was not final and appealable because it did not include an award of specified damages.
 {¶ 6} Upon remand, the trial court issued a judgment entry in which it awarded $250.00 to Heflin and $4,384.36 to Appellee Grange. The amount awarded to Grange *Page 3 
represented the claimed damages of $4,743.87, less $359.51 in claimed sales tax. Appellant again appealed. Upon review, we reversed, concluding that a genuine issue of material fact remained as to both liability and damages.
 {¶ 7} Upon remand, the matter went forward via a bench trial on January 19, 2007. Appellant, who remained incarcerated, did not appear and was not represented by counsel. Following the presentation of evidence and statements of appellees' counsel, the trial court awarded Grange a judgment against appellant in the amount of $4,743.87, and awarded Heflin a judgment of $250.00. Judgment Entry, January 25, 2007, at 1.
 {¶ 8} On April 19, 2007, appellant filed a notice of appeal.[1] He herein raises the following four Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED BY NOT ENTERING OR RULING ON THE EVIDENCE, INTO TRIAL, SUBMITTED BY MOTION THREE WEEKS PRIOR TO TRIAL.
 {¶ 10} "II. THE TRIAL COURT COMMITTED ERROR IN THE SUBROGATION AWARD WHERE THE INSURED RECOVERED FROM THE FAIRFIELD COUNTY SHERIFF ONLY A PORTION OF THE INSURED'S PROPERTY AND DOCUMENTED EVIDENCE DEMONSTRATES THE FAIRFIELD COUNTY SHERIFF RECOVERED MORE ITEMS THE INSURED STATES AS STOLEN AND SUBMITTED AS A LOSS TO GRANGE TO COLLECT AN INSURANCE DRAFT. *Page 4 
 {¶ 11} "III. THE COURT COMMITTED ERROR IN AWARDING SUBROGATION WHERE ITEMS REPORTED AS A LOSS WHERE (SIC) PAID TO THE INSURED WHERE FAIRFIELD COUNTY SHERIFF HAD PHYSICAL POSSESSION AND GRANGE'S PAYMENT EFFECTED CONSTRUCTIVE TITLE TO THE PHYSICAL PROPERTY AND GRANGE MADE NO EFFORT TO OFFSET THE AMOUNT OF SUBROGATION BY LIQUIDATIONG (SIC) THE PHYSICAL ITEMS THEREBY PROFITING BY ACQUIRING TITLE AND FULL SUBROGATION.
 {¶ 12} "IV. THE COURT COMMITTED ERROR IN SUBROGATION AWARD WHERE THE RECORD REFLECTS THE INSURED RECEIVED ITEMS BACK FROM THE FAIRFIELD COUNTY SHERIFF AND POST RECOVERY LISTED THE SAME ITEMS AS LOSS TO GRANGE WHERE GRANGE PAID FOR ITEMS RECOVERED."
 I. {¶ 13} In his First Assignment of Error, appellant contends the trial court erred by not "entering" evidence he submitted pursuant to a "motion to supplement the pleadings (evidence)" on January 4, 2007, approximately two weeks before trial. We disagree.
 {¶ 14} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180. As a general rule, all relevant evidence is admissible. Evid.R. 402. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 15} Evid.R. 901(A) states as follows: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient *Page 5 
to support a finding that the matter in question is what its proponent claims." In the case sub judice, appellant was not present at trial, and he did not have an attorney present on his behalf to submit evidence or elicit testimony in support of authentication of the asserted documents.[2] Furthermore, appellant has herein failed to provide a transcript or an adequate explanation of the significance of the proposed exhibits. Accordingly, we find no abuse of discretion in the trial court's redress of appellant's motion to supplement the evidence.
 {¶ 16} Appellant's First Assignment of Error is overruled.
 II., III., IV. {¶ 17} In his Second, Third, and Fourth Assignments of Error, appellant contends the record does not support the court's subrogation award in various respects.
 {¶ 18} As noted previously, appellant has not provided this Court with a transcript of the civil trial of January 19, 2007. It is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. *Page 6 
 {¶ 19} Appellant's Second, Third, and Fourth Assignments of Error are therefore overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is hereby affirmed.
 Wise, J., Hoffman, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed. Costs assessed to Appellant.
[1] The trial court docket in this case is unclear as to service of the judgment entry under appeal; we will therefore treat the notice of appeal as timely. See In re: Mills, Richland App. No. 01 CA96, 2002-Ohio-2503.
[2] Although appellees also charge that appellant has failed to include any trial exhibits as part of the record on appeal, we note appellant did attach photocopies to his motion to supplement of January 4, 2007. *Page 1